[No. 30085. Department One. March 27, 1947.]

PALMER SUPPLY COMPANY, *Respondent*, v. TIME OIL
COMPANY, *Appellant*.[1]

*Byron E. Congdon, J. Vernon Clemans, K. G. Smiles*, and
*Peyser, Bailey & Cartano*, for appellant.

*William E. Evenson*, for respondent.

MILLARD, J.—Plaintiff corporation, whose office and plant
are in Seattle, is a wholesaler and distributor of plumbing,
heating, and industrial supplies. Defendant corporation is
engaged in the wholesale distribution of oil and petroleum
products and maintains a plant in Seattle. Plaintiff, the
seller, instituted this action to recover against defendant,
the buyer, for loss alleged to have been sustained by the
seller as a result of the buyer's cancellation of an order for

[1]Reported in 178 P. (2d) 737.

purchase of certain pipe fittings. Failure on the part of the seller to deliver or tender the pipe fittings to the buyer within the period of time specified in the contract of sale for delivery of the fittings, was pleaded as an affirmative defense. The cause was tried to the court, which found briefly as follows:

On or about August 21, 1944, defendant in writing confirmed to plaintiff a telephone order and in writing ordered from plaintiff, steel pipe fittings to be manufactured for the account of defendant, and agreed to pay to plaintiff the reasonable and agreed price and value of the fittings. At various times prior to October 11, 1944, on which date defendant refused to accept additional portions of the ordered goods tendered by plaintiff and canceled its order, plaintiff delivered to defendant part of the ordered goods, on account of which defendant made partial payment. Plaintiff could not have completed delivery of the entire order until after October 20, 1944.

The court further found that, by the contract of the parties, plaintiff was obligated to deliver the goods within a reasonable time and not within any fixed period of time. Plaintiff tendered or was ready and willing to tender to the defendant within a reasonable time all goods as ordered and could have and would have done so had defendant not canceled its order October 11, 1944, and refused to accept the goods. Immediately upon receipt of the cancellation notice, plaintiff ceased manufacture of the goods and obtained all possible salvage therefrom.

The court concluded that, after crediting all salvage, defendant was indebted to plaintiff in the amount of $6,909.42, with interest at the rate of six per centum per annum from October 11, 1944, for goods sold and delivered by plaintiff to defendant for which the latter had not paid and for goods manufactured for and refused by defendant. Judgment was entered accordingly. Defendant appealed.

Appellant first contends that the contract of sale between the parties was oral and provided for delivery of the goods ordered within thirty to forty-five days; therefore, respondent may not, in view of its failure to deliver or tender the

goods to the appellant within the time stipulated, enforce the contract. That is, there being in the contract of sale a specified time fixed for delivery of the goods, it was incumbent upon respondent to show compliance with that condition in order to maintain an action for the price of the goods. As an alternative, appellant argues that, if it be held that the contract did not fix a specified time for delivery of the goods, respondent was obligated to deliver the goods within a reasonable time, which it failed to do.

Appellant's structural construction engineer telephoned respondent's secretary several days prior to August 21, 1944, to ascertain when respondent could have manufactured from heavy cast steel certain pipe fittings and when same could be delivered. Respondent inquired by telegram of Los Angeles Steel Casting Company, Los Angeles, California, respecting ability and willingness of the latter to manufacture the fittings. Respondent received a telegraphic response August 16, 1944, that the Steel Casting Company could deliver immediately a portion of the fittings desired, and could deliver the remainder of the order within thirty to forty-five days.

August 21, 1944, appellant's engineer, with whom respondent's secretary had discussed the matter by telephone and informed appellant's representative with reference to the telegram from Los Angeles, placed the order by telephone with respondent, whose respresentative noted same on office forms. A printed purchase order No. 1622, stamped "confirmation" and dated August 21, 1944, was sent by appellant to the respondent. This purchase order is the sole purchase order and contract of appellant with respondent. No reference is made in the purchase order to the time the goods were to be delivered, or to price of same. The trial court was convinced that appellant's representative and respondent's representative discussed the question of the time within which the goods could be manufactured and shipped; but as the confirmation slip, which is the only writing which passed between the parties, makes no reference to time of delivery, it was the legal duty of respondent to make delivery within a reasonable time. Upon receipt of

appellant's order, respondent sent its order dated August 22, 1944, immediately to Los Angeles Steel Casting Company, as instructed by appellant. The order was promptly received in Los Angeles and the work immediately commenced, and the manufacturing process diligently prosecuted with all the expedition possible under government regulations and labor conditions incident to the war.

Some of the goods had arrived in Seattle and had been delivered, some of the goods were en route, and other portions of the order were in the manufacturing process and could have been shipped from Los Angeles at various times extending up to the last week in October, 1944. Respondent, by direction of appellant, when the latter canceled its order October 11, 1944, notified the manufacturing company in Los Angeles that the order was canceled because delivery was not made in time, and that the navy had furnished the material. Practically all manufacturing was completed when the cancellation notice was given.

■ Appellant's order was a written contract in which no time for delivery of the goods was fixed; hence, respondent seller was required to deliver the goods within a reasonable time.

"Where by a contract to sell or a sale the seller is bound to send the goods to the buyer, but no time for sending them is fixed, the seller is bound to send them within a reasonable time." Rem. Rev. Stat., § 5836-43 (2) [P.P.C. § 854-21].

■■ The rule, which needs no citation of sustaining authority, is that what is a reasonable time is to be determined from all the circumstances. One of the circumstances was World War II, in which all our resources were employed. Another circumstance of which the court may take judicial notice was the manufacturing and labor situation during 1944.

■ There was testimony, which the court accepted as true, by witnesses qualified in the manufacturing field, to the effect that everything required to be done to expeditiously manufacture and deliver the fittings was done. Most of the fittings were manufactured, and the remainder were

almost ready for delivery, when appellant canceled the order.

The only issue presented is one of fact; that is, whether respondent performed its part of a contract of sale within a reasonable time. The evidence preponderantly supports the finding of the court that respondent timely performed.

The judgment is affirmed.

MALLERY, C. J., SIMPSON, SCHWELLENBACH, and ABEL, JJ., concur.